# EXHIBIT B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.    **CV 15-4961-JFW (MRWx)**                          Date:  January 6, 2016

Title:       Top Rank, Inc. -v- Alan Haymon, et al.

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    Shannon Reilly                             None Present
    Courtroom Deputy                    Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                                                    None

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING THE HAYMON DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) [filed 11/13/2015; Docket No. 90]

     On November 13, 2015, Defendants Alan Haymon, Haymon Boxing LLC, Haymon Sports LLC, Haymon Holdings LLC, and Alan Haymon Development, Inc. (collectively, the "Haymon Defendants") filed a Motion to Dismiss the Second Amended Complaint Pursuant to FRCP 12(b)(6).  On November 23, 2015, Plaintiff Top Rank, Inc. ("Top Rank") filed its Opposition.  On November 30, 2015, the Haymon Defendants filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for January 11, 2016 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

     A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Although the Haymon Defendants' arguments are very persuasive, in light of the legal standard governing motions to dismiss under Rule 12(b)(6), the Court concludes that the issues raised by the Haymon Defendants with respect to Top Rank's federal antitrust claims are more appropriately resolved on a motion for summary judgment. With respect to Top Rank's state law claims, the Haymon Defendants merely incorporate their arguments from their prior motion to dismiss the First Amended Complaint without identifying which arguments would remain viable in the event Top Rank adequately alleged its federal antitrust claims. Although the Court is not convinced that the Second Amended Complaint cures all of the issues raised by the Haymon Defendants with respect to the state law claims, the Court will not entertain any additional motions to dismiss. The parties are free to raise any issues with respect to the state law claims in their anticipated cross-motions for summary judgment.

Accordingly, the Haymon Defendants' Motion to Dismiss the Second Amended Complaint Pursuant to FRCP 12(b)(6) is **DENIED**. The discovery stay, entered by the Court on September 17, 2015 [Docket No. 76], is hereby **VACATED**.


IT IS SO ORDERED.