# EXHIBIT D

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| TOP RANK, INC. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:15-cv-04961-JFW-MRW |
| ALAN HAYMON, et al., | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Warriors Boxing and Promotions, LLC, c/o Custodian of Records
Leon Margules, Registered Agent, 5397 Orange Drive, Suite 202, Davie, Florida 33314

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
Identified in Exhibit A attached to this Subpoena to Produce Documents, Information or Objects now in your custody.

| Place: Bilzin Sumberg Baena Price & Axelrod LLP<br>1450 Brickell Avenue, 23rd Floor<br>Miami, Florida 33131-3456 | Date and Time:<br>02/22/2016 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/22/2016

| CLERK OF COURT | OR | *James Pearl /jrj* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* TOP RANK, INC. , who issues or requests this subpoena, are:
James M. Pearl, O'Melveny & Myers LLP, 1999 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067.
Email: jpearl@omm.com Tel.: 310-553-6700

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:15-cv-04961-JFW-MRW

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT D
146

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

```
 1  DANIEL M. PETROCELLI (S.B. # 97802)
    dpetrocelli@omm.com
 2  DAVID MARROSO (S.B. # 211655)
    dmarroso@omm.com
 3  JAMES M. PEARL (S.B. # 198481)
    jpearl@omm.com
 4  STEPHEN J. MCINTYRE (S.B. # 274481)
    smcintyre@omm.com
 5  O'MELVENY & MYERS LLP
    1999 Avenue of the Stars
 6  Los Angeles, California  90067
    Telephone:   (310) 553-6700
 7  Facsimile:   (310) 246-6779

 8  Attorneys for Plaintiff
    TOP RANK, INC.
 9
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| TOP RANK, INC. | Case No. 2:15-cv-04961-JFW-MRW |
|---|---|
| Plaintiff, | [Assigned to Hon. John F. Walter] |
| v. | |
| ALAN HAYMON, et al., | **EXHIBIT A TO SUBPOENA DUCES TECUM TO WARRIORS BOXING AND PROMOTIONS, LLC (CUSTODIAN OF RECORDS)** |
| Defendants. | |

EXHIBIT A TO
SUBPOENA DUCES TECUM TO
WARRIORS BOXING
AND PROMOTIONS, LLC
2:15-CV-04961-JFW-MRW

EXHIBIT D
148

# INSTRUCTIONS

1. The requests herein shall be deemed to request the production of any and all DOCUMENTS and things within the actual or constructive possession, custody, or control of WARRIORS BOXING AND PROMOTIONS, including DOCUMENTS located in the personal files of any and all past and present directors, officers, agents, representatives, employees, attorneys, and accountants of WARRIORS BOXING AND PROMOTIONS.

2. The time period covered by each request, unless otherwise specified, is from July 1, 2011 to the present.

3. If the production of any DOCUMENTS responsive to these requests is objected to on the ground of privilege, attorney work product protection, or any other privilege or protection, with respect to each DOCUMENT, (1) state the ground and reason for the objection; and (2) provide all DOCUMENTS and information called for by that portion of the request to which YOU do not object.

4. If any of the DOCUMENTS requested herein are no longer in YOUR possession, custody, or control, identify each such requested DOCUMENT by date, type of DOCUMENT, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and provide a summary of its pertinent contents and identify the person in whose possession, custody, or control the DOCUMENT was last known to reside.

5. If any DOCUMENT responsive to these requests has been destroyed, describe the content of such DOCUMENT, the location of any copies of such DOCUMENT, the date of such destruction, and the name of the person(s) who ordered or authorized such destruction.

6. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the request most broad.

- 2 -

EXHIBIT A TO
SUBPOENA DUCES TECUM TO
WARRIORS BOXING
AND PROMOTIONS, LLC
2:15-CV-04961-JFW-MRW

EXHIBIT D
149

7.  As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

8.  "Each" shall be construed to include and encompass "all."

9.  As used herein, "including" means including without limitation.

10. Words and phrases are to be given their ordinary meaning and shall not be unduly or restrictively construed so as to avoid responding to the fair scope of these requests.

11. With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including metadata.

12. Please produce all DOCUMENTS maintained or stored electronically in native, electronic format with all relevant metadata intact and in an appropriate and useable manner (*e.g.*, by uploading to an FTP site or similar). Encrypted or password-protected DOCUMENTS should be produced in a form permitting them to be reviewed.

13. Please organize electronic DOCUMENTS produced for inspection in the same manner that YOU store them (*e.g.*, if maintained by a custodian, such as email residing on an email server, please organize DOCUMENTS for production by custodian; if maintained in a subfolder of "My Documents" on a custodian's hard drive, please organize DOCUMENTS for production by custodian with path information preserved, etc.).

14. To the extent responsive DOCUMENTS reside on databases and other such systems and files, YOU are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

15. At YOUR election, DOCUMENTS maintained or stored in paper, hard-copy form can be produced as searchable PDF (*i.e.*, portable document format

- 3 -

EXHIBIT A TO
SUBPOENA DUCES TECUM TO
WARRIORS BOXING
AND PROMOTIONS, LLC
2:15-CV-04961-JFW-MRW

files with embedded text) and in an appropriate and useable manner (*e.g.*, by uploading to an FTP site or similar).

16. These requests require production of paper DOCUMENTS in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If YOU choose the former method, the DOCUMENTS are to be produced in the boxes, file folders, bindings, or other containers in which the DOCUMENTS are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact.

17. DOCUMENTS stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

## DEFINITIONS

The following definitions apply to the requests set forth below and to the instructions provided heretofore.

1. "YOU," "YOUR," or "WARRIORS BOXING AND PROMOTIONS" shall mean and refer to Warriors Boxing and Promotions, LLC, or Leon Margules, and where applicable, all of YOUR locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present officers, directors, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with them, and others acting on their behalf.

2. "HAYMON" shall mean and refer to defendant Alan Haymon.

3. "HAYMON DEFENDANTS" shall mean and refer to defendants HAYMON, Haymon Boxing LLC, Haymon Sports LLC, Haymon Holdings LLC, and Alan Haymon Development, Inc., including without limitation all of their corporate locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present officers, directors, agents, representatives, employees (including but

- 4 -

EXHIBIT A TO
SUBPOENA DUCES TECUM TO
WARRIORS BOXING
AND PROMOTIONS, LLC
2:15-CV-04961-JFW-MRW

EXHIBIT D
151

not limited to Sylvia Browne and Ryan Caldwell), consultants, attorneys (including but not limited to Michael Ring), entities acting in joint-venture or partnership relationships with them, and others acting on their behalf.

4. "HAYMON ENTITY" shall mean and refer to any entity of any kind (*e.g.*, company, limited liability company, limited liability partnership, partnership, joint-venture, special purpose vehicle) other than the HAYMON DEFENDANTS in which HAYMON has an ownership, controlling, management, or operational interest, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present officers, directors, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with them, and others acting on their behalf.

5. "WADDELL ENTITY" shall mean and refer to Waddell & Reed Financial, Inc., Waddell & Reed Investment Management Co., Ivy Investment Management Co., and Media Group Holdings LLC, or any entity of any kind (*e.g.*, company, limited liability company, limited liability partnership, partnership, joint venture, special purpose vehicle) other than the aforementioned entities, in which Waddell & Reed Financial, Inc., Ivy Investment Management Co., Waddell & Reed Investment Management Co., or Media Group Holdings LLC has an ownership, controlling, management, or operational interest, including without limitation all of their corporate locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present officers, directors, agents, representatives, employees (including but not limited to Ryan Caldwell), consultants, attorneys, entities acting in joint-venture or partnership relationships with them, and others acting on their behalf.

6. "DOCUMENTS" shall mean, refer to, and include all "writings," "recordings," or "photographs" as those terms are defined in Rule 1001 of the

- 5 -

EXHIBIT A TO
SUBPOENA DUCES TECUM TO
WARRIORS BOXING
AND PROMOTIONS, LLC
2:15-CV-04961-JFW-MRW

EXHIBIT D
152

Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "DOCUMENTS" includes hard copy DOCUMENTS as well as electronically stored data-files including email, instant messaging, shared network files, and databases, as well as voicemail, text messages, and SMS or MMS messages. With respect to electronically stored data, "DOCUMENTS" also includes, without limitation, any data on magnetic or optical storage media (*e.g.*, servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

7. "COMMUNICATIONS" shall mean and refer to all written, electronic, oral, telephonic, or other transmission or exchange of information and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

8. "BOXING" shall mean and refer to the sport of boxing, boxing promotion, boxing management, boxing events, or any aspect of the boxing business.

9. "FINANCIAL RECORDS" shall mean and refer to DOCUMENTS and COMMUNICATIONS constituting the records and documentation of YOUR financial activities and business transactions, including but not limited to bank records and statements, balance sheets, income statements, and cash flow statements.

10. "RELATED" "RELATE" or "RELATING" shall mean, without limitation, to constitute, refer to, bear upon, or be in any way pertinent or connected to that subject, directly or indirectly, in whole or in part.

11. "PBC" shall mean and refer to the Premier Boxing Champions series or brand, including any entity which created, runs, manages, controls, or oversees PBC, including without limitation all of their corporate locations, and all

- 6 -

EXHIBIT A TO
SUBPOENA DUCES TECUM TO
WARRIORS BOXING
AND PROMOTIONS, LLC
2:15-CV-04961-JFW-MRW

1  predecessors, subsidiaries, parents, and affiliates and all past or present officers,
2  directors, agents, representatives, employees, consultants, attorneys, entities acting
3  in joint-venture or partnership relationships with them, and others acting on their
4  behalf.

## REQUESTS FOR PRODUCTION

5
6  **Request for Production No. 1:**
7  All COMMUNICATIONS between YOU on the one hand and HAYMON,
8  any of the HAYMON DEFENDANTS, or any HAYMON ENTITY on the other
9  hand, RELATING to any BOXING match in which YOU participated as promoter,
10 co-promoter, or that is otherwise RELATED to the PBC.

11 **Request for Production No. 2:**
12 All COMMUNICATIONS between YOU and any WADDELL ENTITY
13 RELATING to any BOXING match in which YOU participated as promoter, co-
14 promoter, or that is otherwise RELATED to the PBC.

15 **Request for Production No. 3:**
16 All DOCUMENTS RELATING to any BOXING match in which YOU
17 participated as promoter, co-promoter, or that is otherwise RELATED to the PBC.
18 This includes but is not limited to all internal COMMUNICATIONS, draft or final
19 contracts, memoranda, financial analyses, payment records, calendars, planners,
20 and/or meeting minutes.

21 **Request for Production No. 4:**
22 All FINANCIAL RECORDS between YOU on the one hand and HAYMON,
23 any of the HAYMON DEFENDANTS, or any HAYMON ENTITY on the other
24 hand, RELATING to any BOXING match in which YOU participated as promoter,
25 co-promoter, or that is otherwise RELATED to the PBC.

26
27
28

- 7 -

EXHIBIT A TO
SUBPOENA DUCES TECUM TO
WARRIORS BOXING
AND PROMOTIONS, LLC
2:15-CV-04961-JFW-MRW

EXHIBIT D
154

**Request for Production No. 5:**

All FINANCIAL RECORDS between YOU on the one hand and HAYMON, any of the HAYMON DEFENDANTS, or any HAYMON ENTITY on the other hand, RELATING to BOXING.

**Request for Production No. 6:**

All FINANCIAL RECORDS between YOU and any WADDELL ENTITY, RELATING to any BOXING match in which YOU participated as promoter, co-promoter, or that is otherwise RELATED to the PBC.

**Request for Production No. 7:**

All FINANCIAL RECORDS between YOU and any WADDELL ENTITY, RELATING to BOXING.

**Request for Production No. 8:**

All DOCUMENTS and COMMUNICATIONS RELATING to the planning, production, promotion, co-promotion, or broadcasting of any BOXING match promoted or co-promoted by YOU that is RELATED to PBC. For clarity, this Request includes but is not limited to all internal and/or external COMMUNICATIONS with any boxer, venue, broadcaster, sponsor, athletic commission, BOXING organization, and/or matchmaker; and all draft or final contracts, telephone records, electronic messages, memoranda, financial analyses, payment and revenue records and receipts, calendars, planners, meeting minutes, submissions and/or disclosures to athletic commissions, and/or negotiating correspondence.

**Request for Production No. 9:**

All DOCUMENTS RELATING to the planning, production, promotion, co-promotion, or broadcasting of any BOXING match promoted or co-promoted by YOU that is RELATED to HAYMON, any of the HAYMON DEFENDANTS, or any HAYMON ENTITY. For clarity, this Request excludes any documents

- 8 -

EXHIBIT A TO
SUBPOENA DUCES TECUM TO
WARRIORS BOXING
AND PROMOTIONS, LLC
2:15-CV-04961-JFW-MRW

EXHIBIT D
155

responsive to Request No. 8. For further clarity, this Request includes but is not limited to all internal and/or external COMMUNICATIONS with any boxer, venue, broadcaster, sponsor, athletic commission, BOXING organization, and/or matchmaker; and all draft or final contracts, telephone records, electronic messages, memoranda, financial analyses, payment and revenue records and receipts, calendars, planners, meeting minutes, submissions and/or disclosures to athletic commissions, and/or negotiating correspondence.

**Request for Production No. 10:**

All DOCUMENTS RELATING to the planning, production, promotion, co-promotion, or broadcasting of any BOXING match promoted or co-promoted by YOU since 2012. For clarity, this Request excludes any documents responsive to Requests No. 8 and No. 9. For further clarity, this Request includes but is not limited to all internal and/or external COMMUNICATIONS with any boxer, venue, broadcaster, sponsor, athletic commission, BOXING organization, and/or matchmaker; and all draft or final contracts, telephone records, electronic messages, memoranda, financial analyses, payment and revenue records and receipts, calendars, planners, meeting minutes, submissions and/or disclosures to athletic commissions, and/or negotiating correspondence.

**Request for Production No. 11:**

All DOCUMENTS and COMMUNICATIONS RELATING to any subpoenas, COMMUNICATIONS, or civil investigative demands that YOU have received from any government agency, commission, or regulator, RELATING to BOXING.

- 9 -

EXHIBIT A TO
SUBPOENA DUCES TECUM TO
WARRIORS BOXING
AND PROMOTIONS, LLC
2:15-CV-04961-JFW-MRW

EXHIBIT D
156

Dated: January 22, 2016

Respectfully submitted,

*/s/ James M. Pearl*
O'MELVENY & MYERS LLP
*Counsel for Plaintiff Top Rank, Inc.*
By James M. Pearl

- 10 -

EXHIBIT A TO
SUBPOENA DUCES TECUM TO
WARRIORS BOXING
AND PROMOTIONS, LLC
2:15-CV-04961-JFW-MRW

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| JAMES PEARL<br>O'MELVENY & MYERS LLP<br>1999 AVENUE OF THE STARS<br>7TH FLOOR<br>LOS ANGELES, CA 90067<br>Telephone No: 310-553-6700  FAX No: 310-246-6779 | | | | |
| | | Ref. No. or File No.: | | |
| Attorney for: Plaintiff | | | | |
| Insert name of Court, and Judicial District and Branch Court: | | | | |
| United States District Court, Central District Of California | | | | |
| Plaintiff: TOP RANK, INC. | | | | |
| Defendant: ALAN HAYMON, ET AL. | | | | |
| PROOF OF SERVICE<br>SUBPOENA | Hearing Date:<br>Mon, Feb. 22, 2016 | Time:<br>9:00AM | Dept/Div: | Case Number:<br>2:15-CV-04961-JFW-MRW |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; EXHIBIT A TO SUBPOENA DUCES TECUM TO WARRIORS BOXING AND PROMOTIONS, LLC (CUSTODIAN OF RECORDS).

3. a. Party served:           WARRIORS BOXING AND PROMOTIONS, LLC
   b. Person served:          Leon Margules, Registered Agent

4. Address where the party was served:   5397 ORANGE DR.
                                          SUITE 202
                                          DAVIE, FL 33314

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Jan. 22, 2016 (2) at: 2:48PM
   b. I received this subpoena for service on:   Friday, January 22, 2016

6. Witness fees were not demanded or paid.

7. Person Who Served Papers:                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. IVAN ALMONTE                          d. The Fee for Service was:

   First Legal
   600 W. Santa Ana Boulevard, Suite 101
   Santa Ana, CA 92701
   Telephone  (714) 541-1110               e. I am: Not a Registered California Process Server
   FAX        (714) 541-8182
   www.firstlegalnetwork.com

8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.
   Date: Mon, Jan. 25, 2016

                                                                    (IVAN ALMONTE)

Judicial Council Form                  PROOF OF SERVICE                        2912360  Jampea.769139
Rule 2.150.(a)&(b) Rev January 1, 2007     SUBPOENA

EXHIBIT D
158