# EXHIBIT

# H



# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars
Los Angeles, California  90067-6035

TELEPHONE  (310) 553-6700
FACSIMILE  (310) 246-6779
www.omm.com

SAN FRANCISCO

SEOUL

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

February 15, 2016

WRITER'S DIRECT DIAL
(310) 246-8434

**VIA E-MAIL**

WRITER'S E-MAIL ADDRESS
jpearl@omm.com

Philip D. Weiss, Esq.
Agajanian, McFall, Weiss, Tetreault & Crist LLP
346 North Larchmont Boulevard
Los Angeles, CA 90004-3012

Re:     *Subpoenas to TGB Promotions, Warriors Boxing & Promotions, and
DiBella Entertainment*

Dear Phil:

We write in response to your February 12, 2016 letter in which you claim, generically on behalf of three different promoters from three different jurisdictions, that Top Rank failed to follow Central District of California Local Rules.

*First*, we did follow the Central District's Local Rules.  Our letters plainly and briefly set forth Top Rank's position on the issues raised by your clients' objections.  Top Rank propounded on each of your clients a subpoena *duces tecum*.  Your clients served boilerplate, verbatim objections to every request, and refused to produce even a single document.  Our letter explained that such objections are inadequate, meaningless, and tantamount to making no objection at all.  *See Sprint Nextel Corp. v. Ace Wholesale, Inc.*, 2015 WL 3649623, at *2 (D. Nev. June 10, 2015) ("Boilerplate, generalized objections are inadequate and tantamount to making no objection at all.").  Your clients' position that they need not produce any documents is indefensible, and to the extent they insist on that position, we will seek court relief against all appropriate people.

*Second*, under Federal Rule of Civil Procedure 45, Top Rank is required to seek court relief in "the district where compliance is required."  Fed. R. Civ. P. 45(d)(2)(B)(i).  For DiBella Entertainment, that is the Southern District of New York.  For Warriors Boxing & Promotions, that is the Southern District of Florida.  The applicable rules in those jurisdictions require simply that we meet and confer, which we plainly have done.[1]  The Central District of California's

---

[1] *See* Fed. R. Civ. P. 37(a)(1) (requiring certification of good faith conferral before filing motion); S.D. Fla. L.R. 7.1(a)(3) (requiring good faith conferral "orally or in writing" before the filing of a motion).

O'MELVENY & MYERS LLP

February 15, 2016 - Page 2

Local Rules apply only to TGB Promotions, and as explained, we fully complied with C.D. Cal. L.R. 37-1.

*Third*, so there is no misunderstanding, and without prejudice to the arguments set forth above or in our February 11, 2016 letters, we set forth in detail, for each request, why your clients' blanket objections and outright refusal to comply with lawful subpoenas is a transparent and improper delay tactic. We insist on a conference to discuss these issues no later than February 21, 2016—10 days from the date of our original letters. *See* C.D. Cal. L.R. 37-1.

We are available on Wednesday or Thursday this week between the hours of 1:00pm and 4:00 pm Pacific time. If neither of these time slots works for you, please propose alternative dates or times. We are willing to host the meeting at our Century City office, but are amenable to conferring by telephone if you prefer.

### A.  General Objection No. 2.

The recipient of a subpoena *duces tecum* is required to produce responsive, non-privileged documents within its "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii); *see St. Judge Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 637 (D. Or. 2015) ("Rule 45 of the Federal Rules of Civil Procedure allows a party in a lawsuit to serve a subpoena on any person, including a non-party (or 'third party'), requiring, among other things, the production of 'documents, electronically stored information, or tangible things in that person's possession, custody, or control.'"); *SEC v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2000) ("Pursuant to Rule 45, a non-party may be required to produce for discovery materials which are in the non-party's 'possession, custody, or control.'").

Naturally, this obligation may require a business to search the records and files of its officers, executives, and employees. *See, e.g.*, *Chevron Corp. v. Salazar*, 275 F.R.D. 437, 448 (S.D.N.Y. 2011) ("Courts have repeatedly found that employers have control over their employees and can be required to produce documents in their employees' possession."); *Miniace v. Pacific Maritime Ass'n*, 2006 WL 335389, at *2 (N.D. Cal. Feb. 13, 2006) ("Numerous courts have found that corporations have control over their officers and employees and that corporations may be required to produce documents in their possession."); *see, e.g., In re Subpoena Issued to Cisco Sys., Inc.*, 2010 WL 3155895, at *3–4 (N.D. Cal. Aug. 9, 2010) (requiring recipient of subpoena to "conduct a diligent inquiry and reasonable search for responsive documents" from employees most knowledgeable about relevant subject matter).

Top Rank directed its subpoenas to TGB Promotions, DiBella Entertainment, and Warriors Boxing & Promotions. As you know, Tom Brown is the owner or proprietor of TGB[2];

---

[2] *See* Bio, http://tgbpromotions.com/?page_id=2 (last visited Feb. 15, 2016); *see also Roc Nation, Tom Brown Get Nevada Promoters Licenses, John Molina Suspended*, FIGHTNEWS.COM, April 21, 2015, http://www.fightnews.com/Boxing/roc-nation-tom-brown-get-nevada-promoters-licenses-john-molina-suspended-287764 (reporting that TGB Promotions is "headed by longtime Goossen matchmaker Tom Brown").

O'MELVENY & MYERS LLP

February 15, 2016 - Page 3

Lou DiBella owns DiBella Entertainment[3]; and Leon Margules is the President of Warriors Boxing & Promotions.[4]  Therefore, to the extent that any documents that are responsive to Top Rank's Requests may be located in the files of Mr. Brown, Mr. DiBella, or Mr. Margules, your clients are obligated to diligently search for and produce such documents.  *See Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 455 (E.D.N.C. 2005) ("the documents that plaintiff seeks via third-party subpoena to Cutler are GSK documents, ***even if located in Cutler's GSK office or her home***") (emphasis added).

Your clients, however, have uniformly objected to Top Rank's definitions of "TGB Promotions," "DiBella Entertainment," and "Warriors Boxing and Promotions" to the extent that they encompass Mr. Brown, Mr. DiBella, and Mr. Margules, respectively.  (TGB's Objections at 1; DiBella's Objections at 1; Warriors' Objections at 1.)

The objection is baseless.  Like any business, each of your clients "has control over its current employees and the records in their possession."  *Caston v. Hoaglin*, 2009 WL 1687927, at \*3 (S.D. Ohio June 12, 2009).  Your clients have an "affirmative duty to seek that information from [their] employees, agents, or others subject to [their] control"—including Tom Brown, Lou DiBella, and Leon Margules.  *Herring v. Clark*, 2011 WL 2433672, at \*5 (E.D. Cal. June 14, 2011) (quotations omitted).

## B.  General Objection Nos. 3 and 4.

The scope of discovery under the Federal Rules reaches all matters "relevant to any party's claim or defense."  Fed. R. Civ. P. 23(b)(1).  This rule of relevance applies to parties and nonparties alike.  *See Bobrick Corp. v. Dwyer, Schraff, Meyer, Grant & Green*, 2008 WL 4173619, at \*1 (D. Haw. Sept. 10, 2008) ("Discovery from non-parties is subject to the same relevancy standard that governs discovery from parties.").  Therefore, the fact that a person is not party to the litigation does ***not*** mean that he or she is not a proper subject of discovery.

Each of your clients objects to discovery concerning any "HAYMON ENTITY" or "WADDELL ENTITY," on the basis that no "so-defined" Haymon or Waddell entity is a party to this action.  (*E.g.*, TGB's Objections at 2.)  This is a non sequitur.  Al Haymon and his companies' illegal conduct in the boxing industry—which has been aided and facilitated by a panoply of Waddell & Reed subsidiaries and affiliated companies—lies at the center of Top Rank's lawsuit.  (*See, e.g.*, SAC ¶¶ 26, 50–123.)  The fact that Top Rank may not have been able to positively identify ***each*** relevant entity before any discovery took place, or may have chosen to name only certain entities as Defendants, does ***not*** render discovery concerning other Haymon and Waddell entities irrelevant.  Simply put, "[t]he fact that a person is not a party in litigation is not dispositive of whether documents are relevant to the controversy at hand."  *C.T. v. Liberal School Dist.*, 2008 WL 394217, at \*3 (D. Kan. Feb. 11, 2008) (quotation omitted); *see also*

---

[3] *See* About DBE, http://dbe1.com/about-dbe/ (last visited Feb. 15, 2016) (identifying Lou DiBella as the "owner" of DiBella Entertainment).

[4] *See* Warriors Boxing Promotions, http://www.warriorsboxing.com/contact.html (last visited Feb. 15, 2016).

O'MELVENY & MYERS LLP

February 15, 2016 - Page 4

*WeBoost Media S.R.L. v. LookSmart Ltd.*, 2014 WL 2621465, at *1 (N.D. Cal. June 12, 2014) ("Though it is not a party to this lawsuit, Google and its businesses are highly relevant to this case.").

Your clients additionally object that discovery concerning any Haymon or Waddell entity is not "proportional to the needs of the case." (*E.g.*, TGB's Objections at 2.) But "proportionality" is not a talisman, nor does it grant your clients leave to refuse to produce *any* documents. The newly amended Rule 26(b)(1) does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26(b)(1) advisory committee's note.

Without any showing as to the proportionality factors, this hollow objection must be overruled. *See Carr v. State Farm Mut. Auto. Ins. Co.*, --- F.R.D. ---, 2015 WL 8010920, at *9 (N.D. Tex. Dec. 7, 2015) ("[A] party seeking to resist discovery on [proportionality] grounds still *bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b)* by coming forward with specific information to address—insofar as that information is available to it—the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.") (emphasis added).

### C.    Objections to Request No. 1.

Rather than responding in good faith to Top Rank's Request No. 1, your clients make a litany of boilerplate objections, without any substantiation whatsoever. *The law is clear that unsupported, genericized objections are equivalent to making no objection whatsoever*. *See, e.g., Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, --- F.R.D. ---, 2015 WL 7771078, at *7 (N.D. Tex. Dec. 3, 2015) ("general or so-called boilerplate or unsupported objections are improper under Rule 45(d)(2)(B)"); *Sprint Nextel Corp.*, 2015 WL 3649623, at *2 ("Boilerplate, generalized objections are inadequate and tantamount to making no objection at all."); *Johnson v. Dovey*, No. 08-cv-0640, 2011 WL 5374958 (E.D. Cal. Nov. 7, 2011) (granting motion to compel compliance with subpoena *duces tecum* where responding party made only "boilerplate objections"); *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) ("The foregoing objections are general or boilerplate objections, which are not proper objections").

Nonetheless, Top Rank addresses each of your clients' objections in turn.

- **Not "relevant to any party's claim or defense"**: Top Rank alleges that Al Haymon and his companies illegally operate in the promotion business by, among other things, "employing 'sham' promoters or 'frontmen'—nominal promoters who are in fact controlled by Haymon." (SAC ¶ 82.) Top Rank specifically identifies TGB, DiBella, Warriors, and Margules as among these "sham" promoters. (*Id.* ¶¶ 82–83.) Many of the Defendants' covertly promoted matches

O'MELVENY & MYERS LLP

February 15, 2016 - Page 5

are televised as part of the PBC series.  (*Id.* ¶¶ 87–88.)  Therefore, communications between your clients and Haymon or his companies relating to boxing matches that your clients have promoted, or related to PBC, are central to Top Rank's allegations.  Your clients' relevancy objection is utterly baseless.  *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper").

- **"Overbroad and beyond the scope of allowable discovery"**:  This objection fails because it is entirely unsupported.  *See, e.g.*, *Botell v. United States*, 2012 WL 4208173, at *1 (E.D. Cal. Sept. 19, 2012) ("Boilerplate objections based on overbreadth . . . are not permissible"); *Bible v. Rio Props., Inc.*, 246 F.R.D. 614, 619 (C.D. Cal. 2007) ("there is no merit to defendant's general or boilerplate objections such as 'overly broad,' 'vague and ambiguous,' and the Court overrules them").

- Not **"proportional to the needs of the case"**:  Rule 26(b)(1) does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."  Fed. R. Civ. P. 26(b)(1) advisory committee's note.  Rather, "a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation."  *Carr*, 2015 WL 8010920, at *9.  Because your clients have altogether failed to do this, this objection must fail.

- **"Violates the responding party's right to protect proprietary, private, and confidential information"**:  A Protective Order governing the treatment of confidential information has been entered in the litigation, thus rendering this objection moot.  (*See* Dkts. 101, 102.)

- **"Unduly burdensome and expensive"**:  A party seeking to avoid discovery on the basis of undue burden or expense must substantiate that objection.  *See ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 532 (N.D. Cal. 2015) (denying motion to quash subpoena where subject of subpoena "offers no reason why" the discovery sought was "unduly burdensome"); Rule 26(b)(1) advisory committee's note ("A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination.").  Top Rank will not withdraw a Request "simply upon the cry of 'unduly burdensome'"  *Martinelli v. Petland, Inc.*, 2010 WL 3947526, at *6 (D. Kan. Oct. 7, 2010) (quotation omitted).  Rather, "[t]o demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena would seriously disrupt its normal business operations."  *Id.* (quotation omitted).  Since your clients have not done this, this objection rings hollow.

O'MELVENY & MYERS LLP

February 15, 2016 - Page 6

- **"Fails to provide reasonable time for compliance"**: Top Rank's subpoenas to your clients required compliance within 30 days of service. Your clients have provided no reason for why this time period is unreasonable. A 30-day period is not inherently unreasonable, given that compliance periods of even *less* than 30 days may be upheld. *See, e.g.*, *Schneider v. CitiMortgage, Inc.*, 2014 WL 4749181, at *3 (D. Kan. Sept. 24, 2014) ("25 days does not appear to be an unreasonable time within which to comply"); *Bonzani v. Shinseki*, 2014 WL 2521849, at *4 (E.D. Cal. June 4, 2014) ("While ordinarily a response time of 14 days or more would appear reasonable, Rule 45 specifically contemplates circumstances where the response time might be less"); *Hernandez v. Esso Std. Oil Co.*, 252 F.R.D. 118, 119–20 (D.P.R. 2008) (enforcing subpoena *duces tecum* that required compliance within *11 days*); *Freeport McMoran Sulpher, LLC v. Mike Mullen Energy Equip. Res., Inc.*, 2004 WL 595236, at *9 (E.D. La. Mar. 23, 2004) ("On its face, the 14-day time period cannot be held to be unreasonable"). While your clients' objection to the compliance time cannot stand, Top Rank remains willing to meet and confer concerning the date by which your clients will produce responsive documents.

In short, none of your clients' objections to Request No. 1 hold water. Top Rank demands that your clients withdraw these baseless objections and comply with the Request as drafted.

### D.    Objections to Request No. 2.

As with the prior Request, your clients did not respond in good faith to Request No. 2. As already stated, their genericized objections are equivalent to no objection at all. *See, e.g.*, *Am. Fed'n of Musicians*, 2015 WL 7771078, at *7; *Sprint Nextel Corp.*, 2015 WL 3649623, at *2; *Johnson*, 2011 WL 5374958; *Chapman University*, 245 F.R.D. at 649.

Nonetheless, Top Rank addresses each of your clients' objections in turn. Because your clients have posed the ***exact same objections*** that it asserted in response to Request No. 1, these objections must fail for the reasons already explained.

- Not **"relevant to any party's claim or defense"**: As explained above, Top Rank alleges that Haymon and his companies illegally operate in the promotion business by employing a network of "sham" promoters—including TGB, DiBella, and Warriors—who are subject to Haymon's control. (SAC ¶¶ 82–83.) Many of the Defendants' covertly promoted matches are televised as part of the PBC series. (*Id.* ¶¶ 87–88.) Waddell & Reed played a central role in facilitating Haymon's takeover of the boxing industry and developing the PBC series. (*Id.* ¶¶ 54–56, 73–78, 105–12.) Therefore, communications between your clients and Waddell & Reed relating to boxing matches that your clients promoted, or related to PBC, are central to Top Rank's allegations. Your clients' relevancy objection is utterly baseless. *Garber*, 234 F.R.D. at 188.

O'MELVENY & MYERS LLP

February 15, 2016 - Page 7

- **"Overbroad and beyond the scope of allowable discovery"**:  This objection fails because it is entirely unsupported.  *Botell*, 2012 WL 4208173, at *1; *Bible*, 246 F.R.D. at 619.

- Not **"proportional to the needs of the case"**:  Rule 26(b)(1) does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."  Fed. R. Civ. P. 26(b)(1) advisory committee's note. Rather, "a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation."  *Carr*, 2015 WL 8010920, at *9.  Because your clients have altogether failed to do this, this objection must fail.

- **"Violates the responding party's right to protect proprietary, private, and confidential information"**:  A Protective Order governing the treatment of confidential information has been entered in the litigation, thus rendering this objection moot.  (*See* Dkts. 101, 102.)

- **"Unduly burdensome and expensive"**:  A party seeking to avoid discovery on the basis of undue burden or expense must substantiate that objection.  *See Champion Fiberglass*, 309 F.R.D. at 532; Rule 26(b)(1) advisory committee's note.  Top Rank will not withdraw a Request "simply upon the cry of 'unduly burdensome'"  *Martinelli*, 2010 WL 3947526, at *6 (quotation omitted).  Rather, "[t]o demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena would seriously disrupt its normal business operations."  *Id.* (quotation omitted).  Since your clients have not done this, this objection rings hollow.

- **"Fails to provide reasonable time for compliance"**:  Top Rank's subpoenas to your clients required compliance within 30 days of service.  Your clients have provided no reason for why this time period is unreasonable.  A 30-day period is not inherently unreasonable, given that compliance periods of even ***less*** than 30 days may be upheld.  *See, e.g.*, *Schneider*, 2014 WL 4749181, at *3; *Bonzani*, 2014 WL 2521849, at *4; *Hernandez*, 252 F.R.D. at 119–20; *Freeport McMoran*, 2004 WL 595236, at *9.  While your clients' objection to the compliance time cannot stand, Top Rank remains willing to meet and confer concerning the date by which your clients will produce responsive documents.

In short, none of your clients' objections to Request No. 2 hold water.  Top Rank demands that your clients withdraw these baseless objections and comply with the Request as drafted.

O'MELVENY & MYERS LLP

February 15, 2016 - Page 8

### E.   Objections to Request No. 3.

As with the prior Requests, your clients did not respond in good faith to Request No. 3. As already stated, their genericized objections are equivalent to no objection at all. *See, e.g.*, *Am. Fed'n of Musicians*, 2015 WL 7771078, at *7; *Sprint Nextel Corp.*, 2015 WL 3649623, at *2; *Johnson*, 2011 WL 5374958; *Chapman University*, 245 F.R.D. at 649.

Nonetheless, Top Rank addresses each of your clients' objections in turn. Because your clients have posed the ***exact same objections*** that it asserted in response to the prior Requests, these objections must fail for the reasons already stated.

- **Not "relevant to any party's claim or defense"**: As explained, Top Rank alleges that Haymon and his companies illegally operate in the promotion business by employing a network of "sham" promoters—including TGB, DiBella, and Warriors—who are subject to Haymon's control. (SAC ¶¶ 82–83.) Many of the Defendants' covertly promoted matches are televised as part of the PBC series. (*Id.* ¶¶ 87–88.) Therefore, documents relating to your clients' promotion of boxing matches, including for the PBC, are central to Top Rank's allegations. Your clients' conclusory relevancy objection is unfounded. *Garber*, 234 F.R.D. at 188.

- **"Overbroad and beyond the scope of allowable discovery"**: This objection fails because it is entirely unsupported. *Botell*, 2012 WL 4208173, at *1; *Bible*, 246 F.R.D. at 619.

- **Not "proportional to the needs of the case"**: Rule 26(b)(1) does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26(b)(1) advisory committee's note. Rather, "a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation." *Carr*, 2015 WL 8010920, at *9. Because your clients have altogether failed to do this, this objection must fail.

- **"Violates the responding party's right to protect proprietary, private, and confidential information"**: A Protective Order governing the treatment of confidential information has been entered in the litigation, thus rendering this objection moot. (*See* Dkts. 101, 102.)

- **"Unduly burdensome and expensive"**: A party seeking to avoid discovery on the basis of undue burden or expense must substantiate that objection. *See Champion Fiberglass*, 309 F.R.D. at 532; Rule 26(b)(1) advisory committee's note. Top Rank will not withdraw a Request "simply upon the cry of 'unduly burdensome'" *Martinelli*, 2010 WL 3947526, at *6 (quotation omitted). Rather, "[t]o demonstrate undue burden, the subpoenaed party must show that compliance

O'MELVENY & MYERS LLP

February 15, 2016 - Page 9

with the subpoena would seriously disrupt its normal business operations." *Id.* (quotation omitted). Since your clients have not done this, this objection rings hollow.

- **"Fails to provide reasonable time for compliance"**: Top Rank's subpoenas to your clients required compliance within 30 days of service. Your clients have provided no reason for why this time period is unreasonable. A 30-day period is not inherently unreasonable, given that compliance periods of even *less* than 30 days may be upheld. *See, e.g.*, *Schneider*, 2014 WL 4749181, at *3; *Bonzani*, 2014 WL 2521849, at *4; *Hernandez*, 252 F.R.D. at 119–20; *Freeport McMoran*, 2004 WL 595236, at *9. While your clients' objection to the compliance time cannot stand, Top Rank remains willing to meet and confer concerning the date by which your clients will produce responsive documents.

In short, none of your clients' objections to Request No. 3 hold water. Top Rank demands that your clients withdraw these baseless objections and comply with the Request as drafted.

### F.    Objections to Request No. 4.

As with the prior Requests, your clients did not respond in good faith to Request No. 4. As already stated, their genericized objections are equivalent to no objection at all. *See, e.g.*, *Am. Fed'n of Musicians*, 2015 WL 7771078, at *7; *Sprint Nextel Corp.*, 2015 WL 3649623, at *2; *Johnson*, 2011 WL 5374958; *Chapman University*, 245 F.R.D. at 649.

Nonetheless, Top Rank addresses each of your clients' objections in turn. Because your clients have posed the ***exact same objections*** that it asserted in response to the prior Requests, these objections must fail for the reasons already stated.

- **Not "relevant to any party's claim or defense"**: Top Rank alleges that Haymon and his companies illegally operate as promoters "with the assistance of 'sham' promoters"—including TGB, DiBella, and Warriors—"who rent their promotional licenses to Haymon in return for a fee." (SAC ¶ 65.) Many of these surreptitiously promoted matches are televised under the PBC banner. (*Id.* ¶¶ 87–88.) Therefore, financial records between your clients and Haymon or his companies relating to matches that your clients promoted, and financial records relating to PBC, are directly relevant to Top Rank's core allegations. Your clients' relevancy objection is unfounded. *Garber*, 234 F.R.D. at 188.

- **"Overbroad and beyond the scope of allowable discovery"**: This objection fails because it is entirely unsupported. *Botell*, 2012 WL 4208173, at *1; *Bible*, 246 F.R.D. at 619.

- **Not "proportional to the needs of the case"**: Rule 26(b)(1) does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that

O'MELVENY & MYERS LLP

February 15, 2016 - Page 10

it is not proportional."  Fed. R. Civ. P. 26(b)(1) advisory committee's note.
Rather, "a party seeking to resist discovery on these grounds still bears the burden
of making a specific objection and showing that the discovery fails the
proportionality calculation."  *Carr*, 2015 WL 8010920, at *9.  Because your
clients have altogether failed to do this, this objection must fail.

- **"Violates the responding party's right to protect proprietary, private, and
  confidential information"**:  A Protective Order governing the treatment of
  confidential information has been entered in the litigation, thus rendering this
  objection moot.  (*See* Dkts. 101, 102.)

- **"Unduly burdensome and expensive"**:  A party seeking to avoid discovery on
  the basis of undue burden or expense must substantiate that objection.  *See
  Champion Fiberglass*, 309 F.R.D. at 532; Rule 26(b)(1) advisory committee's
  note.  Top Rank will not withdraw a Request "simply upon the cry of 'unduly
  burdensome'"  *Martinelli*, 2010 WL 3947526, at *6 (quotation omitted).  Rather,
  "[t]o demonstrate undue burden, the subpoenaed party must show that compliance
  with the subpoena would seriously disrupt its normal business operations."  *Id.*
  (quotation omitted).  Since your clients have not done this, this objection rings
  hollow.

- **"Fails to provide reasonable time for compliance"**:  Top Rank's subpoenas to
  your clients required compliance within 30 days of service.  Your clients have
  provided no reason for why this time period is unreasonable.  A 30-day period is
  not inherently unreasonable, given that compliance periods of even ***less*** than 30
  days may be upheld.  *See, e.g.*, *Schneider*, 2014 WL 4749181, at *3; *Bonzani*,
  2014 WL 2521849, at *4; *Hernandez*, 252 F.R.D. at 119–20; *Freeport McMoran*,
  2004 WL 595236, at *9.  While your clients' objection to the compliance time
  cannot stand, Top Rank remains willing to meet and confer concerning the date
  by which your clients will produce responsive documents.

In short, none of your clients' objections to Request No. 4 hold water.  Top Rank
demands that your clients withdraw these baseless objections and comply with the Request as
drafted.

### G. Objections to Request No. 5.

As with the prior Requests, your clients did not respond in good faith to Request No. 5.
As already stated, their genericized objections are equivalent to no objection at all.  *See, e.g.*, *Am.
Fed'n of Musicians*, 2015 WL 7771078, at *7; *Sprint Nextel Corp.*, 2015 WL 3649623, at *2;
*Johnson*, 2011 WL 5374958; *Chapman University*, 245 F.R.D. at 649.

Nonetheless, Top Rank addresses each of your clients' objections in turn.  Because your
clients have posed the ***exact same objections*** that it asserted in response to the prior Requests,
these objections must fail for the reasons already stated.

O'MELVENY & MYERS LLP

February 15, 2016 - Page 11

- **Not "relevant to any party's claim or defense"**:  Top Rank alleges that Haymon and his companies illegally operate as promoters "with the assistance of 'sham' promoters"—including TGB, DiBella, and Warriors—"who rent their promotional licenses to Haymon in return for a fee."  (SAC ¶ 65.)  These promoters "function in a perfunctory role under [Haymon's] direct instruction," in return for a "fee."  (*Id.* ¶ 82.)  Therefore, financial records between your clients and Haymon or his companies relating to boxing are directly relevant to Top Rank's core allegations.  Your clients' relevancy objection is unfounded.  *Garber*, 234 F.R.D. at 188.

- **"Overbroad and beyond the scope of allowable discovery"**:  This objection fails because it is entirely unsupported.  *Botell*, 2012 WL 4208173, at *1; *Bible*, 246 F.R.D. at 619.

- **Not "proportional to the needs of the case"**:  Rule 26(b)(1) does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."  Fed. R. Civ. P. 26(b)(1) advisory committee's note.  Rather, "a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation."  *Carr*, 2015 WL 8010920, at *9.  Because your clients have altogether failed to do this, this objection must fail.

- **"Violates the responding party's right to protect proprietary, private, and confidential information"**:  A Protective Order governing the treatment of confidential information has been entered in the litigation, thus rendering this objection moot.  (*See* Dkts. 101, 102.)

- **"Unduly burdensome and expensive"**:  A party seeking to avoid discovery on the basis of undue burden or expense must substantiate that objection.  *See Champion Fiberglass*, 309 F.R.D. at 532; Rule 26(b)(1) advisory committee's note.  Top Rank will not withdraw a Request "simply upon the cry of 'unduly burdensome'"  *Martinelli*, 2010 WL 3947526, at *6 (quotation omitted).  Rather, "[t]o demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena would seriously disrupt its normal business operations."  *Id.* (quotation omitted).  Since your clients have not done this, this objection rings hollow.

- **"Fails to provide reasonable time for compliance"**:  Top Rank's subpoenas to your clients required compliance within 30 days of service.  Your clients have provided no reason for why this time period is unreasonable.  A 30-day period is not inherently unreasonable, given that compliance periods of even *less* than 30 days may be upheld.  *See, e.g.*, *Schneider*, 2014 WL 4749181, at *3; *Bonzani*, 2014 WL 2521849, at *4; *Hernandez*, 252 F.R.D. at 119–20; *Freeport McMoran*, 2004 WL 595236, at *9.  While your clients' objection to the compliance time

O'MELVENY & MYERS LLP

February 15, 2016 - Page 12

cannot stand, Top Rank remains willing to meet and confer concerning the date by which your clients will produce responsive documents.

In short, none of your clients' objections to Request No. 5 hold water. Top Rank demands that your clients withdraw these baseless objections and comply with the Request as drafted.

### H.     Objections to Request No. 6.

As with the prior Requests, your clients did not respond in good faith to Request No. 6. As already stated, their genericized objections are equivalent to no objection at all. *See, e.g.*, *Am. Fed'n of Musicians*, 2015 WL 7771078, at *7; *Sprint Nextel Corp.*, 2015 WL 3649623, at *2; *Johnson*, 2011 WL 5374958; *Chapman University*, 245 F.R.D. at 649.

Nonetheless, Top Rank addresses each of your clients' objections in turn. Because your clients have posed the ***exact same objections*** that it asserted in response to the prior Requests, these objections must fail for the reasons already stated.

- **Not "relevant to any party's claim or defense"**: Top Rank alleges that Waddell & Reed played a central role in facilitating Haymon's takeover of the boxing industry and developing the PBC series. (SAC ¶¶ 54–56, 73–78, 105–12.) As explained, Haymon and his companies effectively rent TGB's, DiBella's, and Warriors' promoter licenses in order to conceal their illegal promoting. (*Id.* ¶ 82.) Therefore, financial records between your clients and Waddell & Reed relating to boxing matches that your clients promoted, or to PBC, are central to Top Rank's allegations. Your clients' relevancy objection is utterly baseless. *Garber*, 234 F.R.D. at 188.

- **"Overbroad and beyond the scope of allowable discovery"**: This objection fails because it is entirely unsupported. *Botell*, 2012 WL 4208173, at *1; *Bible*, 246 F.R.D. at 619.

- **Not "relevant to any party's claim or defense"**: This objection fails because it too is entirely unsupported. *Garber*, 234 F.R.D. at 188.

- **Not "proportional to the needs of the case"**: Rule 26(b)(1) does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26(b)(1) advisory committee's note. Rather, "a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation." *Carr*, 2015 WL 8010920, at *9. Because your clients have altogether failed to do this, this objection must fail.

- **"Violates the responding party's right to protect proprietary, private, and confidential information"**: A Protective Order governing the treatment of

O'MELVENY & MYERS LLP

February 15, 2016 - Page 13

confidential information has been entered in the litigation, thus rendering this objection moot.  (*See* Dkts. 101, 102.)

- **"Unduly burdensome and expensive"**:  A party seeking to avoid discovery on the basis of undue burden or expense must substantiate that objection.  *See Champion Fiberglass*, 309 F.R.D. at 532; Rule 26(b)(1) advisory committee's note.  Top Rank will not withdraw a Request "simply upon the cry of 'unduly burdensome'"  *Martinelli*, 2010 WL 3947526, at *6 (quotation omitted).  Rather, "[t]o demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena would seriously disrupt its normal business operations."  *Id.* (quotation omitted).  Since your clients have not done this, this objection rings hollow.

- **"Fails to provide reasonable time for compliance"**:  Top Rank's subpoenas to your clients required compliance within 30 days of service.  Your clients have provided no reason for why this time period is unreasonable.  A 30-day period is not inherently unreasonable, given that compliance periods of even *less* than 30 days may be upheld.  *See, e.g.*, *Schneider*, 2014 WL 4749181, at *3; *Bonzani*, 2014 WL 2521849, at *4; *Hernandez*, 252 F.R.D. at 119–20; *Freeport McMoran*, 2004 WL 595236, at *9.  While your clients' objection to the compliance time cannot stand, Top Rank remains willing to meet and confer concerning the date by which your clients will produce responsive documents.

In short, none of your clients' objections to Request No. 6 hold water.  Top Rank demands that your clients withdraw these baseless objections and comply with the Request as drafted.

## I.     Objections to Request No. 7.

As with the prior Requests, your clients did not respond in good faith to Request No. 7.  As already stated, their genericized objections are equivalent to no objection at all.  *See, e.g.*, *Am. Fed'n of Musicians*, 2015 WL 7771078, at *7; *Sprint Nextel Corp.*, 2015 WL 3649623, at *2; *Johnson*, 2011 WL 5374958; *Chapman University*, 245 F.R.D. at 649.

Nonetheless, Top Rank addresses each of your clients' objections in turn.  Because your clients have posed the *exact same objections* that it asserted in response to the prior Requests, these objections must fail for the reasons already stated.

- Not **"relevant to any party's claim or defense"**:  Top Rank alleges that Waddell & Reed played a central role in facilitating Haymon's takeover of the boxing industry and developing the PBC series.  (SAC ¶¶ 54–56, 73–78, 105–12.)  As explained, Haymon and his companies effectively rent TGB's, DiBella's, and Warriors' promoter licenses in order to conceal their illegal promoting.  (*Id.* ¶¶ 82–83.)  Therefore, financial records between your clients and Waddell & Reed

O'Melveny & Myers llp

February 15, 2016 - Page 14

relating to boxing are central to Top Rank's allegations.  Your clients' relevancy objection is utterly baseless.  *Garber*, 234 F.R.D. at 188.

- **"Overbroad and beyond the scope of allowable discovery"**:  This objection fails because it is entirely unsupported.  *Botell*, 2012 WL 4208173, at *1; *Bible*, 246 F.R.D. at 619.

- Not **"proportional to the needs of the case"**:  Rule 26(b)(1) does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."  Fed. R. Civ. P. 26(b)(1) advisory committee's note.  Rather, "a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation."  *Carr*, 2015 WL 8010920, at *9.  Because your clients have altogether failed to do this, this objection must fail.

- **"Violates the responding party's right to protect proprietary, private, and confidential information"**:  A Protective Order governing the treatment of confidential information has been entered in the litigation, thus rendering this objection moot.  (*See* Dkts. 101, 102.)

- **"Unduly burdensome and expensive"**:  A party seeking to avoid discovery on the basis of undue burden or expense must substantiate that objection.  *See Champion Fiberglass*, 309 F.R.D. at 532; Rule 26(b)(1) advisory committee's note.  Top Rank will not withdraw a Request "simply upon the cry of 'unduly burdensome'"  *Martinelli*, 2010 WL 3947526, at *6 (quotation omitted).  Rather, "[t]o demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena would seriously disrupt its normal business operations."  *Id.* (quotation omitted).  Since your clients have not done this, this objection rings hollow.

- **"Fails to provide reasonable time for compliance"**:  Top Rank's subpoenas to your clients required compliance within 30 days of service.  Your clients have provided no reason for why this time period is unreasonable.  A 30-day period is not inherently unreasonable, given that compliance periods of even *less* than 30 days may be upheld.  *See, e.g.*, *Schneider*, 2014 WL 4749181, at *3; *Bonzani*, 2014 WL 2521849, at *4; *Hernandez*, 252 F.R.D. at 119–20; *Freeport McMoran*, 2004 WL 595236, at *9.  While your clients' objection to the compliance time cannot stand, Top Rank remains willing to meet and confer concerning the date by which your clients will produce responsive documents.

In short, none of your clients' objections to Request No. 7 hold water.  Top Rank demands that your clients withdraw these baseless objections and comply with the Request as drafted..

O'MELVENY & MYERS LLP

February 15, 2016 - Page 15

J.        **Objections to Request No. 8.**

As with the prior Requests, your clients did not respond in good faith to Request No. 8. As already stated, their genericized objections are equivalent to no objection at all.  *See, e.g.*, *Am. Fed'n of Musicians*, 2015 WL 7771078, at *7; *Sprint Nextel Corp.*, 2015 WL 3649623, at *2; *Johnson*, 2011 WL 5374958; *Chapman University*, 245 F.R.D. at 649.

Nonetheless, Top Rank addresses each of your clients' objections in turn.  Because your clients have posed the ***exact same objections*** that it asserted in response to the prior Requests, these objections must fail for the reasons already stated.

- **Not "relevant to any party's claim or defense"**:  Top Rank alleges that Haymon and his companies illegally operate as promoters "with the assistance of 'sham' promoters"—including TGB, DiBella, and Warriors—"who rent their promotional licenses to Haymon in return for a fee."  (SAC ¶ 65.)  These promoters "function in a perfunctory role under [Haymon's] direct instruction." (*Id.* ¶ 82.)  While their names may appear on certain contracts, and while they may "carry out some logistical tasks," the reality is that "the money passes through Haymon's accounts, and Haymon makes all material decisions."  (*Id.* ¶¶ 82–88.)  Haymon uses these "sham" promoters to put thin a facade of legality on his PBC series.  (*Id.* ¶ 87.)  Therefore, documents and communications relating to your clients' promotion of any PBC series boxing match are directly relevant to Top Rank's core allegations.  Your clients' relevancy objection is unfounded. *Garber*, 234 F.R.D. at 188.

- **"Overbroad and beyond the scope of allowable discovery"**:  This objection fails because it is entirely unsupported.  *Botell*, 2012 WL 4208173, at *1; *Bible*, 246 F.R.D. at 619.

- **Not "proportional to the needs of the case"**:  Rule 26(b)(1) does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."  Fed. R. Civ. P. 26(b)(1) advisory committee's note. Rather, "a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation."  *Carr*, 2015 WL 8010920, at *9.  Because your clients have altogether failed to do this, this objection must fail.

- **"Violates the responding party's right to protect proprietary, private, and confidential information"**:  A Protective Order governing the treatment of confidential information has been entered in the litigation, thus rendering this objection moot.  (*See* Dkts. 101, 102.)

- **"Unduly burdensome and expensive"**:  A party seeking to avoid discovery on the basis of undue burden or expense must substantiate that objection.  *See*

O'MELVENY & MYERS LLP

February 15, 2016 - Page 16

*Champion Fiberglass*, 309 F.R.D. at 532; Rule 26(b)(1) advisory committee's note. Top Rank will not withdraw a Request "simply upon the cry of 'unduly burdensome'" *Martinelli*, 2010 WL 3947526, at *6 (quotation omitted). Rather, "[t]o demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena would seriously disrupt its normal business operations." *Id.* (quotation omitted). Since your clients have not done this, this objection rings hollow.

- **"Fails to provide reasonable time for compliance"**: Top Rank's subpoenas to your clients required compliance within 30 days of service. Your clients have provided no reason for why this time period is unreasonable. A 30-day period is not inherently unreasonable, given that compliance periods of even *less* than 30 days may be upheld. *See, e.g.*, *Schneider*, 2014 WL 4749181, at *3; *Bonzani*, 2014 WL 2521849, at *4; *Hernandez*, 252 F.R.D. at 119–20; *Freeport McMoran*, 2004 WL 595236, at *9. While your clients' objection to the compliance time cannot stand, Top Rank remains willing to meet and confer concerning the date by which your clients will produce responsive documents.

In short, none of your clients' objections to Request No. 8 hold water. Top Rank demands that your clients withdraw these baseless objections and comply with the Request as drafted.

### K.    Objections to Request No. 9.

As with the prior Requests, your clients did not respond in good faith to Request No. 9. As already stated, their genericized objections are equivalent to no objection at all. *See, e.g.*, *Am. Fed'n of Musicians*, 2015 WL 7771078, at *7; *Sprint Nextel Corp.*, 2015 WL 3649623, at *2; *Johnson*, 2011 WL 5374958; *Chapman University*, 245 F.R.D. at 649.

Nonetheless, Top Rank addresses each of your clients' objections in turn. Because your clients have posed the *exact same objections* that it asserted in response to the prior Requests, these objections must fail for the reasons already stated.

- Not **"relevant to any party's claim or defense"**: Top Rank alleges that Haymon and his companies illegally operate as promoters "with the assistance of 'sham' promoters"—including TGB, DiBella, and Warriors—"who rent their promotional licenses to Haymon in return for a fee." (SAC ¶ 65.) These promoters "function in a perfunctory role under [Haymon's] direct instruction." (*Id.* ¶ 82.) While their names may appear on certain contracts, and while they may "carry out some logistical tasks," the reality is that "the money passes through Haymon's accounts, and Haymon makes all material decisions." (*Id.* ¶¶ 82–88.) Therefore, documents and communications concerning your clients' promotion of any boxing match related to Haymon or his companies are directly relevant to Top Rank's core allegations. Your clients' relevancy objection is unfounded. *Garber*, 234 F.R.D. at 188.

O'MELVENY & MYERS LLP

February 15, 2016 - Page 17

- **"Overbroad and beyond the scope of allowable discovery"**:  This objection fails because it is entirely unsupported.  *Botell*, 2012 WL 4208173, at *1; *Bible*, 246 F.R.D. at 619.

- Not **"proportional to the needs of the case"**:  Rule 26(b)(1) does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."  Fed. R. Civ. P. 26(b)(1) advisory committee's note.  Rather, "a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation."  *Carr*, 2015 WL 8010920, at *9.  Because your clients have altogether failed to do this, this objection must fail.

- **"Violates the responding party's right to protect proprietary, private, and confidential information"**:  A Protective Order governing the treatment of confidential information has been entered in the litigation, thus rendering this objection moot.  (*See* Dkts. 101, 102.)

- **"Unduly burdensome and expensive"**:  A party seeking to avoid discovery on the basis of undue burden or expense must substantiate that objection.  *See Champion Fiberglass*, 309 F.R.D. at 532; Rule 26(b)(1) advisory committee's note.  Top Rank will not withdraw a Request "simply upon the cry of 'unduly burdensome'"  *Martinelli*, 2010 WL 3947526, at *6 (quotation omitted).  Rather, "[t]o demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena would seriously disrupt its normal business operations."  *Id.* (quotation omitted).  Since your clients have not done this, this objection rings hollow.

- **"Fails to provide reasonable time for compliance"**:  Top Rank's subpoenas to your clients required compliance within 30 days of service.  Your clients have provided no reason for why this time period is unreasonable.  A 30-day period is not inherently unreasonable, given that compliance periods of even *less* than 30 days may be upheld.  *See, e.g.*, *Schneider*, 2014 WL 4749181, at *3; *Bonzani*, 2014 WL 2521849, at *4; *Hernandez*, 252 F.R.D. at 119–20; *Freeport McMoran*, 2004 WL 595236, at *9.  While your clients' objection to the compliance time cannot stand, Top Rank remains willing to meet and confer concerning the date by which your clients will produce responsive documents.

In short, none of your clients' objections to Request No. 9 hold water.  Top Rank demands that your clients withdraw these baseless objections and comply with the Request as drafted.

O'MELVENY & MYERS LLP

February 15, 2016 - Page 18

### L.     Objections to Request No. 10.

As with the prior Requests, your clients did not respond in good faith to Request No. 10. As already stated, their genericized objections are equivalent to no objection at all.  *See, e.g.*, *Am. Fed'n of Musicians*, 2015 WL 7771078, at \*7; *Sprint Nextel Corp.*, 2015 WL 3649623, at \*2; *Johnson*, 2011 WL 5374958; *Chapman University*, 245 F.R.D. at 649.

Nonetheless, Top Rank addresses each of your clients' objections in turn.  Because your clients have posed the ***exact same objections*** that it asserted in response to the prior Requests, these objections must fail for the reasons already stated.

- **Not "relevant to any party's claim or defense"**:  Top Rank alleges that Haymon and his companies illegally operate as promoters "with the assistance of 'sham' promoters"—including TGB, DiBella, and Warriors—"who rent their promotional licenses to Haymon in return for a fee."  (SAC ¶ 65.)  These promoters "function in a perfunctory role under [Haymon's] direct instruction." (*Id.* ¶ 82.)  The Haymon Defendants deny these allegations (Dkt. 100 ¶¶ 82–88), and some "sham" promoters—including Lou DiBella—have publicly disclaimed having such a relationship with Haymon (*see, e.g.*, SAC ¶ 83).  Therefore, documents relating to your clients' promotion of boxing matches since 2012 are probative of the extent to which your clients do or do not operate as "sham" promoters for Haymon and his companies.  Your clients' relevancy objection is not tenable.  *Garber*, 234 F.R.D. at 188.

- **"Overbroad and beyond the scope of allowable discovery"**:  This objection fails because it is entirely unsupported.  *Botell*, 2012 WL 4208173, at \*1; *Bible*, 246 F.R.D. at 619.

- **Not "proportional to the needs of the case"**:  Rule 26(b)(1) does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."  Fed. R. Civ. P. 26(b)(1) advisory committee's note. Rather, "a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation."  *Carr*, 2015 WL 8010920, at \*9.  Because your clients have altogether failed to do this, this objection must fail.

- **"Violates the responding party's right to protect proprietary, private, and confidential information"**:  A Protective Order governing the treatment of confidential information has been entered in the litigation, thus rendering this objection moot.  (*See* Dkts. 101, 102.)

- **"Unduly burdensome and expensive"**:  A party seeking to avoid discovery on the basis of undue burden or expense must substantiate that objection.  *See Champion Fiberglass*, 309 F.R.D. at 532; Rule 26(b)(1) advisory committee's

O'MELVENY & MYERS LLP

February 15, 2016 - Page 19

note.  Top Rank will not withdraw a Request "simply upon the cry of 'unduly burdensome'"  *Martinelli*, 2010 WL 3947526, at *6 (quotation omitted).  Rather, "[t]o demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena would seriously disrupt its normal business operations." *Id.* (quotation omitted).  Since your clients have not done this, this objection rings hollow.

- **"Fails to provide reasonable time for compliance"**:  Top Rank's subpoenas to your clients required compliance within 30 days of service.  Your clients have provided no reason for why this time period is unreasonable.  A 30-day period is not inherently unreasonable, given that compliance periods of even *less* than 30 days may be upheld.  *See, e.g.*, *Schneider*, 2014 WL 4749181, at *3; *Bonzani*, 2014 WL 2521849, at *4; *Hernandez*, 252 F.R.D. at 119–20; *Freeport McMoran*, 2004 WL 595236, at *9.  While your clients' objection to the compliance time cannot stand, Top Rank remains willing to meet and confer concerning the date by which your clients will produce responsive documents.

In short, none of your clients' objections to Request No. 10 hold water.  Top Rank demands that your clients withdraw these baseless objections and comply with the Request as drafted.

## M.      Objections to Request No. 11.

As with the prior Requests, your clients did not respond in good faith to Request No. 11.  As already stated, their genericized objections are equivalent to no objection at all.  *See, e.g.*, *Am. Fed'n of Musicians*, 2015 WL 7771078, at *7; *Sprint Nextel Corp.*, 2015 WL 3649623, at *2; *Johnson*, 2011 WL 5374958; *Chapman University*, 245 F.R.D. at 649.

Nonetheless, Top Rank addresses each of your clients' objections in turn.  Because your clients have posed the *exact same objections* that it asserted in response to the prior Requests, these objections must fail for the reasons already stated.

- **Not "relevant to any party's claim or defense"**:  Many in the boxing industry, including the Association of Boxing Commissions and World Boxing Organization, have called upon the U.S. Department of Justice to investigate Haymon, his companies, and their accomplices for violating the Muhammad Ali Boxing Reform Act.  (SAC ¶¶ 52, 94.)  If any of your clients has received any subpoenas, communications, or investigative demands from government regulators, such information—and any related documents—would be probative of Top Rank's allegations that the Haymon Defendants are operating illegally in the promotion sphere.  Your clients' relevancy objection is untenable.  *Garber*, 234 F.R.D. at 188.

O'MELVENY & MYERS LLP
February 15, 2016 - Page 20

- **"Overbroad and beyond the scope of allowable discovery"**:  This objection fails because it is entirely unsupported.  *Botell*, 2012 WL 4208173, at *1; *Bible*, 246 F.R.D. at 619.

- Not **"proportional to the needs of the case"**:  Rule 26(b)(1) does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."  Fed. R. Civ. P. 26(b)(1) advisory committee's note.  Rather, "a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation."  *Carr*, 2015 WL 8010920, at *9.  Because your clients have altogether failed to do this, this objection must fail.

- **"Violates the responding party's right to protect proprietary, private, and confidential information"**:  A Protective Order governing the treatment of confidential information has been entered in the litigation, thus rendering this objection moot.  (*See* Dkts. 101, 102.)

- **"Unduly burdensome and expensive"**:  A party seeking to avoid discovery on the basis of undue burden or expense must substantiate that objection.  *See Champion Fiberglass*, 309 F.R.D. at 532; Rule 26(b)(1) advisory committee's note.  Top Rank will not withdraw a Request "simply upon the cry of 'unduly burdensome'"  *Martinelli*, 2010 WL 3947526, at *6 (quotation omitted).  Rather, "[t]o demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena would seriously disrupt its normal business operations."  *Id.* (quotation omitted).  Since your clients have not done this, this objection rings hollow.

- **"Fails to provide reasonable time for compliance"**:  Top Rank's subpoenas to your clients required compliance within 30 days of service.  Your clients have provided no reason for why this time period is unreasonable.  A 30-day period is not inherently unreasonable, given that compliance periods of even ***less*** than 30 days may be upheld.  *See, e.g.*, *Schneider*, 2014 WL 4749181, at *3; *Bonzani*, 2014 WL 2521849, at *4; *Hernandez*, 252 F.R.D. at 119–20; *Freeport McMoran*, 2004 WL 595236, at *9.  While your clients' objection to the compliance time cannot stand, Top Rank remains willing to meet and confer concerning the date by which your clients will produce responsive documents.

In short, none of your clients' objections to Request No. 11 hold water.  Top Rank demands that your clients withdraw these baseless objections and comply with the Request as drafted.

\*        \*        \*

EXHIBIT H
191

O'MELVENY & MYERS LLP
February 15, 2016 - Page 21


      Pursuant to Local Rule 37-1, Top Rank requests an immediate meet-and-confer regarding the above issues.  Please promptly let us know whether you are available to meet and confer on Wednesday or Thursday this week.

                  Sincerely,


                  */s/ James M. Pearl*


                  James M. Pearl, Esq.
                  of O'MELVENY & MYERS LLP