# EXHIBIT K

CARY J C AGAJANIAN
SCOTT B McFALL
PHILIP D WEISS
ABBIE CRIST
PAUL L TETREAULT
DONALD ORNELAS, JR
WILLIAM D ANTHONY
SUSAN HEIDER
JONATHAN NESE

**AGAJANIAN, McFALL, WEISS,
TETREAULT & CRIST LLP**
ATTORNEYS AT LAW
346 NORTH LARCHMONT BOULEVARD
LOS ANGELES, CALIFORNIA 90004-3012

Telephone (323) 993-0198
Facsimile (323) 993-9509

February 26, 2016

**VIA EMAIL AND U.S. MAIL**

Stephen McIntyre, Esq.
O'Melveny and Myers LLP
1999 Avenue of the Stars 7th Floor
Los Angeles, CA 90067-6035

    Re:   *Objections to Subpoenas to TGB Promotions, LLC, DiBella Entertainment, Inc., and Warriors Boxing and Promotions, LLC*

Dear Mr. McIntyre,

    When I read your letter of February 23, I generally agreed with your overall characterization of our conference of February 22. During the conference, you provided some clarification as to the scope of and rationale for your requests. In turn, I explained some of my concerns, such as that Top Rank was attempting to obtain records from TGB Promotions, LLC, DiBella Entertainment, Inc., and Warriors Boxing and Promotions, LLC (the "Promoters") regarding matters that had no connection with any of the defendants.

    I would like to clarify a few points simply to memorialize my understanding of our conference. For example, although I did state my intent to provide a further response on behalf of the Promoters by February 29, I did not agree to provide a date certain for production of the documents themselves. By virtue of the sheer volume of documents that are potentially subject to your subpoenas, I would have had no basis to make such a representation.

    I also believe that your concluding statement that we agreed no further meet and confer would be necessary after the service of the Promoters' further responses was not accurate. We did discuss that concept generally, but beyond you expressing your hopes to expedite the process, and my response that I was interested in not seeing this process prolonged unnecessarily, we did not have an actual meeting of the minds to end the meet and confer process. In any event, I do not believe that we are empowered to modify the meet and confer requirements of Local Rule 37.1.

    All that being said, I have come to learn of circumstances that in my view render our February 22 conference, and any agreements that may have come from it, essentially moot. During our conference, I inquired about the status of discovery between Top Rank and the

Stephen McIntyre, Esq.
February 26, 2016
Page 2

defendants. You responded that things still need to be worked out. No further details were provided.

Since my firm became involved in this case last month by virtue of the Promoters being served with subpoenas, I have on occasion viewed the Court docket. Last week, for example, I saw that a Protective Order had been approved by the Court. This partially allayed some of my concerns about the disclosure/dissemination of the Promoters' sensitive materials, which was the basis of one of the several objections that we served to the subject subpoenas.

Yesterday, I again viewed the docket and saw that a discovery motion has been calendared for March 16. I then read the underlying 108 page Joint Stipulation and saw that it actually concerns several of the virtually identical issues that are part and parcel of the subpoenas directed to the Promoters and out of which our February 22 conference arose. The implications on the Promoters are clear.

For example, on March 16, the Court will rule on the scope of the term "boxing." My understanding is that your definition of "boxing" is the same in both your discovery to the defendants and in the subpoenas to the Promoters. Given that the Court could limit the definition of "boxing," it stands to reason that the Promoters should be subject to that same definition. Forcing the Promoters to commit now to producing documents that the Court might find beyond the scope of legitimate discovery would be unjust and prejudicial.

Similarly, the Court will determine, among other things, whether phone records and draft versions of contracts should be produced. Again, these exact items are being sought by Top Rank from the Promoters, so the same rationale for not subjecting the Promoters to unequal treatment applies. Indeed, according to the Joint Stipulation, the request has been made that "the parameters imposed by the Court [on March 16] on party discovery concerning promoters who have been or will be subpoenaed also apply to this and other third party discovery." (Joint Stipulation, p. 84, ll. 6-9.)

I would like to have been informed of the Joint Stipulation before our conference on February 22, so that I could have reviewed it to determine its likely consequence to the Promoters' position at the conference. Due to the similarities between the discovery that Top Rank served on both the defendants and the Promoters, especially in conjunction with Top Rank's overall allegations, a continuance of the conference until a resolution by the Court of these crucial issues between Top Rank and the defendants was probably in order. But even if the conference proceeded on February 22 as it did, as long as I was aware of the Joint Stipulation beforehand I would have been assured that the Promoters' rights were fully protected. As it turned out, they had to rely on my fortuitous check of the Court docket days after the conference.

I am not meaning to suggest that anyone intentionally neglected to inform me of the Joint Stipulation. However, in light of the foregoing, there would have been no rationale for me to

Stephen McIntyre, Esq.
February 26, 2016
Page 3

agree to provide a further response, or to make any other commitments in that regard, prior to the Court ruling on March 16. Therefore, I will defer serving further responses until a reasonable time after the Court rules on March 16. I will then make myself available to meet and confer with you within a reasonable time thereafter.

    Thank you.

                           Very truly yours,

                            AGAJANIAN, McFALL, WEISS,
                            TETREAULT & CRIST LLP

                            Philip D. Weiss

PDW:lmr