# EXHIBIT M

Philip D. Weiss, CA State Bar No. 137251
E-mail: *phil@agajanianlaw.com*
AGAJANIAN, McFALL, WEISS, TETREAULT & CRIST LLP
346 North Larchmont Boulevard
Los Angeles, CA 90004-3012
Telephone: (323) 993-0198
Facsimile: (323) 993-9509

Attorneys for DiBella Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOP RANK, INC., | No. 2:15-cv-04961 JFW-MRW |
| Plaintiff, | [*Assigned to the Hon. John F. Walter*] |
| vs. | **OBJECTIONS RE SDT TO DIBELLA ENTERTAINMENT, INC.** |
| ALAN HAYMON, et al., | |
| Defendants. | |

## GENERAL OBJECTIONS

Without waiving or limiting any objections to the specific categories of the subject subpoena identified below, DiBella Entertainment, Inc. ("responding party"), objects as follows:

1. As to the "Instructions" portion of Exhibit "A" to the subject subpoena, to the extent that it requires greater obligations or burdens on the responding party than as set forth in the *Federal Rules of Civil Procedure* and/or other applicable legal authority.

2. As to the definition of "YOU," "YOUR," and "DiBella Entertainment," to the extent that it includes, among others, Louis DiBella. The subject subpoena is expressly issued and directed to *only* DiBella Entertainment, Inc.

3. As to the term of "HAYMON ENTITY," in that it is overbroad and calls for

1

**OBJECTIONS RE SDT TO DIBELLA ENTERTAINMENT, INC.**

1 speculation, and as no so-defined "HAYMON ENTITY" is a party, calls for production
2 of information that is neither relevant to any party's claim or defense, nor proportional to
3 the needs of the case. See *F.R.C.P* §26(b)(1).
4     4. As to the term of "WADDELL ENTITY," in that it is overbroad and calls for
5 speculation, and as no so-defined "WADDELL ENTITY" is a party, calls for production
6 of information that is neither relevant to any party's claim or defense, nor proportional to
7 the needs of the case. See *F.R.C.P* §26(b)(1).
8     5. As to the definition of "RELATED," "RELATE," and "RELATING," insofar
9 as it includes the term "indirectly," in that such term is overbroad and calls for
10 speculation, and calls for production of information that is neither relevant to any party's
11 claim or defense, nor proportional to the needs of the case. See *F.R.C.P* §26(b)(1).
12     6. To the extent that materials exist, are within the custody and control of
13 responding party, and are subject to production, responding party will comply only upon
14 proof of execution of a stipulated protective order, prepared and signed by all parties and
15 approved by the Court, providing that all such materials are, among other things,
16 confidential and proprietary, and shall not be published or disseminated beyond
17 reasonably necessary for the prosecution of this matter. The responding party reserves
18 the right to redact all materials as necessary and appropriate .

### OBJECTIONS TO CATEGORIES

20 <u>Category No. 1:</u>
21     All COMMUNICATIONS between YOU on the one hand and HAYMON, any of
22 the HAYMON DEFENDANTS, or any HAYMON ENTITY on the other hand,
23 RELATING to any BOXING match in which YOU participated as promoter, co-
24 promoter, or that is otherwise RELATED to the PBC.
25 <u>Response to Category No. 1:</u>
26     Overbroad and beyond the scope of allowable discovery. Neither relevant to any
27 party's claim or defense, nor proportional to the needs of the case. See *F.R.C.P*
28 §26(b)(1). Violates the responding party's right to protect proprietary, private, and

1  confidential information. Unduly burdensome and expensive. Fails to provide
2  reasonable time for compliance.
3  Category No. 2:
4      All COMMUNICATIONS between YOU and any WADDELL ENTITY
5  RELATING to any BOXING match in which YOU participated as promoter, co-
6  promoter, or that is otherwise RELATED to the PBC.
7  Response to Category No. 2:
8      Overbroad and beyond the scope of allowable discovery. Neither relevant to any
9  party's claim or defense, nor proportional to the needs of the case. See *F.R.C.P*
10 §26(b)(1). Violates the responding party's right to protect proprietary, private, and
11 confidential information. Unduly burdensome and expensive. Fails to provide
12 reasonable time for compliance.
13 Category No. 3:
14     All DOCUMENTS RELATING to any BOXING match in which YOU
15 participated as promoter, co-promoter, or that is otherwise RELATED to the PBC. This
16 includes but is not limited to all internal COMMUNICATIONS, draft or final contracts,
17 memoranda, financial analyses, payment records, calendars, planners, and/or meeting
18 minutes.
19 Response to Category No. 3:
20     Overbroad and beyond the scope of allowable discovery. Neither relevant to any
21 party's claim or defense, nor proportional to the needs of the case. See *F.R.C.P*
22 §26(b)(1). Violates the responding party's right to protect proprietary, private, and
23 confidential information. Unduly burdensome and expensive. Fails to provide
24 reasonable time for compliance.
25 Category No. 4:
26     All FINANCIAL RECORDS between YOU on the one hand and HAYMON, any
27 of the HAYMON DEFENDANTS, or any HAYMON ENTITY on the other hand,
28 RELATING to any BOXING match in which YOU participated as promoter, co-

3
**OBJECTIONS RE SDT TO DIBELLA ENTERTAINMENT, INC.**

1. promoter, or that is otherwise RELATED to the PBC.

Response to Category No. 4:

Overbroad and beyond the scope of allowable discovery. Neither relevant to any party's claim or defense, nor proportional to the needs of the case. See *F.R.C.P* §26(b)(1). Violates the responding party's right to protect proprietary, private, and confidential information. Unduly burdensome and expensive. Fails to provide reasonable time for compliance.

Category No. 5:

All FINANCIAL RECORDS between YOU on the one hand and HAYMON, any of the HAYMON DEFENDANTS, or any HAYMON ENTITY on the other hand, RELATING to BOXING.

Response to Category No. 5:

Overbroad and beyond the scope of allowable discovery. Neither relevant to any party's claim or defense, nor proportional to the needs of the case. See *F.R.C.P* §26(b)(1). Violates the responding party's right to protect proprietary, private, and confidential information. Unduly burdensome and expensive. Fails to provide reasonable time for compliance.

Category No. 6:

All FINANCIAL RECORDS between YOU and any WADDELL ENTITY, RELATING to any BOXING match in which YOU participated as promoter, co-promoter, or that is otherwise RELATED to the PBC.

Response to Category No. 6:

Overbroad and beyond the scope of allowable discovery. Neither relevant to any party's claim or defense, nor proportional to the needs of the case. See *F.R.C.P* §26(b)(1). Violates the responding party's right to protect proprietary, private, and confidential information. Unduly burdensome and expensive. Fails to provide reasonable time for compliance.

///

Category No. 7:

All FINANCIAL RECORDS between YOU and any WADDELL ENTITY, RELATING to BOXING.

Response to Category No. 7:

Overbroad and beyond the scope of allowable discovery. Neither relevant to any party's claim or defense, nor proportional to the needs of the case. See *F.R.C.P* §26(b)(1). Violates the responding party's right to protect proprietary, private, and confidential information. Unduly burdensome and expensive. Fails to provide reasonable time for compliance.

Category No. 8:

All DOCUMENTS and COMMUNICATIONS RELATING to the planning, production, promotion, co-promotion, or broadcasting of any BOXING match promoted or co-promoted by YOU that is RELATED to PBC. For clarity, this Request includes but it not limited to all internal and/or external COMMUNICATIONS with any boxer, venue, broadcaster, sponsor, athletic commission, BOXING organization, and/or matchmaker; and all draft or final contracts, telephone records, electronic messages, memoranda, financial analyses, payment and revenue records and receipts, calendars, planners, meeting minutes, submissions and/or disclosures to athletic commissions, and/or negotiating correspondence.

Response to Category No. 8:

Overbroad and beyond the scope of allowable discovery. Neither relevant to any party's claim or defense, nor proportional to the needs of the case. See *F.R.C.P* §26(b)(1). Violates the responding party's right to protect proprietary, private, and confidential information. Unduly burdensome and expensive. Fails to provide reasonable time for compliance.

Category No. 9:

All DOCUMENTS RELATING to the planning, production, promotion, co-promotion, or broadcasting of any BOXING match promoted or co-promoted by YOU

1  that is RELATED to HAYMON, any of the HAYMON DEFENDANTS, or any
2  HAYMON ENTITY. For clarity, this Request excludes any documents responsive to
3  Request No. 8. For further clarity, this Request includes but is not limited to all internal
4  and/or external COMMUNICATIONS with any boxer, venue, broadcaster, sponsor,
5  athletic commission, BOXING organization, and/or matchmaker, and all draft or final
6  contracts, telephone records, electronic messages, memoranda, financial analyses,
7  payment and revenue records and receipts, calendars, planners, meeting minutes,
8  submissions and/or disclosures to athletic commissions, and/or negotiating
9  correspondence.

10 Response to Category No. 9:
11     Overbroad and beyond the scope of allowable discovery. Neither relevant to any
12 party's claim or defense, nor proportional to the needs of the case. See *F.R.C.P*
13 §26(b)(1). Violates the responding party's right to protect proprietary, private, and
14 confidential information. Unduly burdensome and expensive. Fails to provide
15 reasonable time for compliance.

16 Category No. 10:
17     All DOCUMENTS RELATING to the planning, production, promotion, co-
18 promotion, or broadcasting of any BOXING match promoted or co-promoted by YOU
19 since 2012. For clarity, this Request excludes any documents responsive to Requests
20 No. 8 and No. 9. For further clarity, this Request includes but is not limited to all
21 internal and/or external COMMUNICATIONS with any boxer, venue, broadcaster,
22 sponsor, athletic commission, BOXING organization, and/or matchmaker; and all draft
23 or final contracts, telephone records, electronic messages, memoranda, financial
24 analyses, payment and revenue records and receipts, calendars, planners, meeting
25 minutes, submissions and/or disclosures to athletic commissions, and/or negotiating
26 correspondence.
27 / / /
28 / / /

Response to Category No. 10:

Overbroad and beyond the scope of allowable discovery. Neither relevant to any party's claim or defense, nor proportional to the needs of the case. See *F.R.C.P* §26(b)(1). Violates the responding party's right to protect proprietary, private, and confidential information. Unduly burdensome and expensive. Fails to provide reasonable time for compliance.

Category No. 11:

All DOCUMENTS and COMMUNICATIONS RELATING to any subpoenas, COMMUNICATIONS, or civil investigative demands that YOU have received from any government agency, commission, or regulator, RELATING to BOXING.

Response to Category No. 11:

Overbroad and beyond the scope of allowable discovery. Neither relevant to any party's claim or defense, nor proportional to the needs of the case. See *F.R.C.P* §26(b)(1). Violates the responding party's right to protect proprietary, private, and confidential information. Unduly burdensome and expensive. Fails to provide reasonable time for compliance.

DATED: February 5, 2016

AGAJANIAN, McFALL, WEISS,
TETREAULT & CRIST LLP

By: _____
Philip D. Weiss
Attorneys for DiBella Entertainment, Inc.

---

7

OBJECTIONS RE SDT TO DIBELLA ENTERTAINMENT, INC.

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of AGAJANIAN, McFALL, WEISS, TETREAULT & CRIST LLP, 346 North Larchmont Boulevard, Los Angeles, CA 90004-3012. I am over the age of eighteen years and not a party to the within action.

Pursuant to Rule 5 (b) of the *Federal Rule of Civil Procedure*, on February 5, 2016, in accordance with our lawfirm's ordinary business practices, I caused the service of the within **OBJECTIONS RE SDT TO DIBELLA ENTERTAINMENT, INC.,** by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as follows:

ATTORNEYS FOR PLAINTIFF

Daniel M. Petrocelli, Esq.
David Marroso, Esq.
James M. Pearl, Esq.
Stephen McIntyre, Esq.
O'Melveny and Myers LLP
1999 Avenue of the Stars 7th Floor
Los Angeles, CA 90067-6035
310-553-6700

ATTORNEYS FOR DEFENDANTS

Barry H. Berke, Esq.
Norman C. Simon, Esq.
Marjorie E. Sheldon, Esq.
Kramer Levin Naftalis and Frankel LLP
1177 Avenue of the Americas
New York, NY 10036-2714
212-715-7500

Howard Weitzman, Esq.
Jeremiah T. Reynolds, Esq.
Kinsella Weitzman Iser Kump and Aldisert LLP
808 Wilshire Boulevard 3rd Floor
Santa Monica, CA 90401
310-566-9800

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 5, 2016, at Los Angeles, California.

Lisa M. Romero



From: AGAJANIAN, McFALL, WEISS,
TETREAULT & CRIST LLP
Attorneys at Law
346 N. Larchmont Boulevard
Los Angeles, CA 90004-3012

To: Daniel M. Petrocelli, Esq.
David Marroso, Esq.
James M. Pearl, Esq.
Stephen McIntyre, Esq.
O'Melveny and Myers LLP
1999 Avenue of the Stars 7th Floor
Los Angeles, CA 90067-6035

CC- PRODUCTION CTR (OME-04026)(OME-04026) - Job # ...   Page 1 of 1

**WILLIAMS LEA | SYMPHONY**
**CENTURY CITY**

# CALENDAR REQUEST

| Field | Value |
|---|---|
| Job Number | 0 0 0 0 1 0 0 2 2 5 - 0 0 0 |
| Requested Date | 02/08/2016 02:45 PM |
| Requested By | CALENDAR,LITIGATION |
| Due Date | 02/08/2016 05:45 PM |
| User ID | 1000000000 |
| Case Number | 2:15-cv-04961-DDP-JPR |
| Phone | |
| Client Number | 0869950 |
| Office Floor | |
| | | Room Number | |
| Matter Number | 00034(1) |
| Number of Documents | 3.000 |
| Client Name | TOP RANK, INC. |
| Matter Name | Top Rank v. Haymon |
| Email Legal Team 1 | |
| Email Legal Team 2 | |
| Number of Pages including coversheet | 30+ |
| | X Document sent to Calendar |
| Document Type | Objections |

**Method of Service**
- [✓] USPS Mail
- [ ] Overnight Courier
- [ ] Personally Served
- [ ] Other

**Exception**
- [ ] Digital media copy enclosure
- [ ] Medical records
- [ ] Orginally signed documents

**Partial Scan**
- [ ] Document larger than 100 pages
- [ ] Bound document
- [ ] Certified document
- [ ] Exhibits

Postmark date-Date sent: 02/05/2016
Deliver Original To: WATSON,SANDRA
Time Received to Mailroom: 02/08/2016 01:45 PM

Special Instructions

http://duplication.intranet.omm.com/Symphony/Applications/JT_...   2/8/2016

EXHIBIT M
217